**SIGNED THIS: January 13, 2006**

_____
**THOMAS L. PERKINS**
**UNITED STATES BANKRUPTCY JUDGE**

_____

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| **FLEMING PACKAGING CORPORATION,** | ) | No. 03-82408 |
| a Delaware corporation, | ) | |
| Debtor. | ) | |
| _____ | ) | |
| **GARY T. RAFOOL, Chapter 7 Trustee, on behalf** | ) | |
| of the Estate of Fleming Packaging Corp., | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adv. No. 04-8166 |
| | ) | |
| **THE GOLDFARB CORPORATION, a Canadian** | ) | |
| **corporation, MARTIN GOLDFARB, STANLEY** | ) | |
| **GOLDFARB, ALONNA GOLDFARB, GEORGE** | ) | |
| **GIALENIOS and JOSEPH ANDERSEN,** | ) | |
| individually and as former directors and/or officers | ) | |
| of Fleming Packaging Corp., | ) | |
| Defendants. | ) | |
| _____ | ) | |
| **GEORGE GIALENIOS and JOSEPH ANDERSEN,** | ) | |
| Cross-Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **THE GOLDFARB CORPORATION, a Canadian** | ) | |
| **corporation, MARTIN GOLDFARB, STANLEY** | ) | |
| **GOLDFARB and ALONNA GOLDFARB,** | ) | |
| Cross-Defendants. | ) | |

# O P I N I O N

Before the Court is the Motion filed by the Defendant, Joseph Andersen (ANDERSEN), for judgment on Counts III and IV of the amended complaint filed by Gary T. Rafool, Chapter 7 Trustee (TRUSTEE), on behalf of the Estate of Fleming Packaging Corporation (DEBTOR).

This adversary proceeding brought by the TRUSTEE includes several counts against former officers and directors of the DEBTOR, alleging breach of fiduciary duty and deepening insolvency. Count III of the amended complaint is against ANDERSEN and George Gialenios for breach of fiduciary duty and Count IV is against ANDERSEN and Gialenios for deepening insolvency. Counts I and II are brought against three defendants, collectively referred to as the "Goldfarb Individuals,"[1] who were also officers and directors of a fourth defendant, Goldfarb Corporation, and whose corporate tenure predated that of ANDERSEN and Gialenios. The Goldfarb Individuals filed a motion to dismiss the counts against them, alleging that the TRUSTEE lacked standing and that the claim for deepening insolvency as asserted by the TRUSTEE was factually insufficient. On August 26, 2005, this Court issued its Opinion denying their motion to dismiss, finding that the TRUSTEE had standing to assert the claims and that the claim for deepening insolvency should remain pending. *In re Fleming Packaging Corp.*, 2005 WL 2205703 (Bankr.C.D.Ill. 2005). Because each of the Goldfarb Individuals were corporate directors of the DEBTOR, the Court concluded that the allegations of deepening insolvency, though differently framed, essentially mirrored a traditional cause of action for breach of fiduciary duty and

---

[1]Those defendants are Martin Goldfarb, Stanley Goldfarb and Alonna Goldfarb. Stanley was a director and shareholder of Goldfarb Corporation, but not an officer.

2

that the determination of the viability of the deepening insolvency claim, undecided under

Delaware law, was unnecessary to make at this stage.

Based on the Court's ruling, ANDERSEN, an officer of the DEBTOR, but not a

director, filed a motion for judgment on the pleadings. ANDERSEN argues that this Court,

drawing a distinction between the fiduciary duties owed by a director of a corporation and

those owed by a non-director, ruled that a non-director owes no fiduciary obligations to

creditors during the period of continued demise of an insolvent corporation.

Under Fed.R.Civ.P. 12(c), applicable to this proceeding by Bankruptcy Rule 7012(b),

a motion for judgment on the pleadings is properly granted if the undisputed facts

appearing in the pleading clearly entitle the moving party to judgment as a matter of law.

*In re Aargus Polybag Co., Inc.*, 172 B.R. 586 (Bankr.N.D.Ill. 1994). A defendant's motion

should not be granted unless it appears beyond doubt that there is no set of facts a plaintiff

can prove to support his claim. *In re Amica, Inc.*, 130 B.R. 792 (Bankr.N.D.Ill. 1991).

The TRUSTEE contends that ANDERSEN mischaracterizes the allegations of the

complaint, misapplies the doctrine of law of the case, and misinterprets this Court's prior

ruling. This Court agrees with the TRUSTEE. The law of the case doctrine, as it would

apply here, was summed up by the court in *Johnson v. Burken*, 930 F.2d 1202 (7th Cir. 1991),

as follows:

> [A] court will ordinarily not reconsider its own decision made at an earlier
> stage of the trial or on a prior appeal, absent clear and convincing reasons to
> reexamine the prior ruling. (*quoting Gertz v. Robert Welch, Inc.*, 680 F.2d 527,
> 532 (7th Cir. 1982)).

It is not a hard and fast rule, but rather a practice of "good sense." *Redfield v. Continental*

*Cas. Corp.*, 818 F.2d 596 (7th Cir. 1987). It counsels a court against rehashing previously

decided issues. *Moriarty ex rel. Local Union No. 727, I.B.T. Pension Trust, and the Teamsters Local Union No. 727 Health and Welfare Trust v. Svec*, 429 F.3d 710 (7th Cir. 2005).

Given that each of the Goldfarb Individuals were directors of the DEBTOR, this Court observed, in its prior Opinion, that the significance of recognizing an independent cause of action for deepening insolvency is diminished when the defendants are officers and directors of the corporation, stating:

It is clear that courts have drawn a distinction between the use of a deepening insolvency theory as an additional claim against corporate directors versus the assertion of the theory against non-directors. This distinction flows from the fact that directors owe fiduciary duties to the corporation and, in the event of insolvency, to the creditors of the corporation, while non-directors are usually not fiduciaries. The difficulty with the theory when raised against a director is often one of redundancy. The difficulty with respect to the use of the theory against a non-director, is the absence of an identifiable duty, a requisite element of all torts. Where the target defendant is a director who is alleged to have breached one or more fiduciary duties, a court should determine, based on the allegations of the complaint, whether a cause of action labeled "deepening insolvency" is no different than an ordinary one for breach of fiduciary duty.

The Court proceeded to analyze the fiduciary obligations of corporate directors under Delaware law and its ruling was necessarily limited. The fiduciary duties of one who was an officer but not a director were not before the Court and no determination was made concerning that issue either explicitly, by necessary implication or even in *dictum*. ANDERSEN'S suggestion that this Court's prior Opinion in any way constitutes a ruling that under Delaware law, corporate officers of an insolvent corporation do not owe fiduciary duties to creditors, is simply wrong.[2]

---

[2]Because it is not necessary to resolution of the Motion, the Court makes no determination of whether a corporate officer, under Delaware law, owes fiduciary duties to creditors when the corporation becomes insolvent or enters the zone of insolvency.

Moreover, ANDERSEN mischaracterizes the nature of the causes of action pleaded against him in Counts III and IV as sounding purely in the tort of "deepening insolvency." Count III and IV mirror Counts I and II.   As pointed out in the prior Opinion, the TRUSTEE'S use of the term "deepening insolvency" belies the allegations of the amended complaint.   Count III, which makes no reference to deepening insolvency, states a traditional breach of fiduciary duty claim against ANDERSEN as a corporate officer. Paragraph 49 of the amended complaint alleges that ANDERSEN, as an officer, owed the DEBTOR certain fiduciary duties, which ANDERSEN, in his answer, admits.  Paragraph 51 of the amended complaint alleges that ANDERSEN breached the "fiduciary duties owed to the Debtor," and in paragraph 53, that "the Debtor suffered substantial injury to its property" as a result.

Whether ANDERSEN also owed fiduciary duties to creditors is immaterial.  The cause of action stated against ANDERSEN in Count III for breach of duties owed to his corporate employer is not defeated by an absence of similar duties owed to the corporation's creditors assuming, arguendo, that no such duties are owed creditors by a corporate officer under Delaware law.  The fact that the TRUSTEE included an allegation in Count III that such duties were owed to creditors by ANDERSEN, which must be viewed by this Court at this stage as an alternative allegation, does not taint or render invalid the cause of action properly stated for breach of duties owed to the DEBTOR.

As further pointed out in its prior Opinion, this Court is not convinced that the Delaware Supreme Court will recognize deepening insolvency as a unique cause of action, suggesting instead, that it is more correctly construed as a term that describes damages.

5

Stating that the "significance of recognizing a deepening insolvency cause of action is diminished when the defendants of the action are officers and directors of the corporation, who clearly owe fiduciary duties to the corporation," this Court ruled that Count II should remain pending even though, in large part, it duplicated Count I.  The juxtaposition of Count IV to Count III is materially similar and the same rationale applies to Count IV.

Count IV alleges that ANDERSEN, as a corporate officer, caused a "dishonest and fraudulent continuation of the Debtor's business," (par. 58), that lead to a "decrease in the value of the Debtor's property," (par. 58), "in conscious and intentional disregard to the rights and best interests of the Debtor," (par. 59), "deepening the Debtor's insolvency" and causing substantial injury to the property of the DEBTOR (par. 60).  As with Count III, whether ANDERSEN owed duties to the DEBTOR'S creditors is immaterial to the cause of action stated in Count IV, which stands on its own as a claim for harm suffered by the DEBTOR, not its creditors.

For these reasons, ANDERSEN'S Motion for Judgment on the Pleadings will be denied.  This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.  A separate Order will be entered.

###