**IT IS SO ORDERED.**

**SIGNED THIS: March 07, 2008**

_____
**THOMAS L. PERKINS
UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| IN RE: | ) | |
| FLEMING PACKAGING CORPORATION, | ) | No. 03-82408 |
| a Delaware corporation, | ) | |
| Debtor. | ) | |
| | ) | |
| GARY T. RAFOOL, Chapter 7 Trustee, on behalf | ) | |
| of the Estate of Fleming Packaging Corp., | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adv. No. 04-8166 |
| | ) | |
| THE GOLDFARB CORPORATION, a Canadian | ) | |
| corporation, MARTIN GOLDFARB, STANLEY | ) | |
| GOLDFARB, ALONNA GOLDFARB, GEORGE | ) | |
| GIALENIOS and JOSEPH ANDERSEN, | ) | |
| individually and as former directors and/or officers | ) | |
| of Fleming Packaging Corp., | ) | |
| Defendants. | ) | |
| | ) | |
| GEORGE GIALENIOS and JOSEPH ANDERSEN, | ) | |
| Cross-Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THE GOLDFARB CORPORATION, a Canadian | ) | |
| corporation, MARTIN GOLDFARB, STANLEY | ) | |
| GOLDFARB and ALONNA GOLDFARB, | ) | |
| Cross-Defendants. | ) | |

## **O P I N I O N**

Before the Court is the motion of George Gialenios and Joseph Andersen (GIALENIOS and ANDERSEN) to enforce the settlement agreement entered into with the Plaintiff, Gary T. Rafool, Chapter 7 Trustee (TRUSTEE). At issue is whether the provision of the Agreement which provides for the dismissal of GIALENIOS and ANDERSEN is null and void, because the Court denied the TRUSTEE'S motion to approve the settlement.

The background of this litigation has been fully set forth previously.[1] Only those facts necessary to an understanding of the narrow issue before the Court will be set forth. The six defendants targeted in this adversary proceeding fall into two groups. The first group, collectively referred to throughout this litigation as the Goldfarb Defendants, is comprised of three individuals, Martin Goldfarb, Alonna Goldfarb, and Stanley Goldfarb (GOLDFARB INDIVIDUALS), who served both as directors of the Debtor and of the Goldfarb Corporation (GOLDFARB), and GOLDFARB, the majority shareholder of the Debtor, Fleming Packaging Corporation (DEBTOR). Count I of the Second Amended Complaint alleges a breach of the fiduciary duties of care and loyalty against the GOLDFARB DEFENDANTS.[2] GIALENIOS and ANDERSEN comprise the second group. GIALENIOS was hired by the DEBTOR in the spring of 2002, to develop an operational restructuring plan and ANDERSEN joined the DEBTOR in September, 2002, as its Chief Financial Officer. Count II, which is directed at them, alleges breach of the fiduciary duties

---

[1] *In re Fleming Packaging Corp.*, 370 B.R. 774 (Bankr.C.D.Ill. 2007); *In re Fleming Packaging Corp.*, 2005 WL 2205703 (Bankr.C.D.Ill. 2005).

[2] The allegations of breach of fiduciary duty against GOLDFARB first surfaced in the Second Amended Complaint. In a previous ruling, this Court granted GOLDFARB'S motion to dismiss most of the allegations of breach of fiduciary duty against it, leaving only those that related back to allegations against GOLDFARB in the original company. *Fleming Packaging*, 370 B.R. at 790-92. Counts III, IV, and V of the Second Amended Complaint, directed at GOLDFARB, seek to recover certain transfers as either fraudulent or preferential. Those counts have no bearing here.

Case 04-08166    Doc 309    Filed 03/07/08    Entered 03/07/08 15:07:23    Desc Main
Document    Page 3 of 7

of care and loyalty. Count VI, also directed against GIALENIOS and ANDERSEN, alleges that they aided and abetted the GOLDFARB DEFENDANTS in breaching their fiduciary duties as set forth in Count I.

The TRUSTEE struck a deal with GIALENIOS and ANDERSEN, agreeing to settle his claims against them for the sum of $1.5 million, not to be paid that sum by them personally, but rather by the assignment of their coverage under a directors and officers liability policy, including any claims that they have against the insurer, notwithstanding the insurer's denial of coverage under the policy. In addition, the settlement agreement provided that the TRUSTEE could not settle with any of the remaining defendants unless the TRUSTEE acquires, by assignment, all rights that the settling defendant may have against GIALENIOS and ANDERSEN. Once acquired, the TRUSTEE is bound by the Agreement not to pursue those rights. GIALENIOS and ANDERSEN also agreed to cooperate with the TRUSTEE in the pursuit of his claims against the remaining Defendants and to assist him in the prosecution of an unrelated adversary proceeding.

Adhering to Bankruptcy Rule 9019, the TRUSTEE sought approval of the settlement. GIALENIOS and ANDERSEN themselves objected, contending that the TRUSTEE'S notice of the compromise which provided that dismissal of the adversary proceeding against GIALENIOS and ANDERSEN would be conditioned upon their assignment of the insurance policy and their cooperation with TRUSTEE in his continued prosecution of the suit, mischaracterized the terms of the Agreement, which provided for their immediate dismissal from the litigation. The GOLDFARB DEFENDANTS also objected to the TRUSTEE'S motion to approve the Agreement, contending that the proposed settlement

was fundamentally unfair to them. In an Opinion issued on December 20, 2007, this Court disapproved the Agreement, summing up its ruling as follows:

> [T]he proposed Settlement Agreement is a great deal for Gialenios and Andersen, but the benefits are all one-sided. It contains elements of unfairness to the Goldfarb Defendants and to [the insurer.] The Agreement resolves nothing and merely substitutes one kind of litigation for another kind of at least equal complexity, will not save the TRUSTEE any time or money, engenders further litigation that will require more expense, inconvenience and a longer period of time to conclude, and exposes the TRUSTEE and the estate to additional risks and liabilities.

After issuing its decision, the Court held a separate hearing on the motion of GIALENIOS and ANDERSEN to enforce the Settlement Agreement. At issue is Paragraph 5 of the Agreement, which provides:

> 5. Dismissals. Upon the Parties' execution of this Agreement, the Trustee agrees to dismiss [GIALENIOS and ANDERSEN] from the Goldfarb Litigation with prejudice, each Party to bear its or his own cost and attorneys' fees.

GIALENIOS and ANDERSEN argue that despite this Court's failure to approve the Agreement, the TRUSTEE should not be permitted to repudiate his agreement that the dismissal was effective upon execution of the Agreement. Relying on Bankruptcy Rule 6009, they contend that the TRUSTEE has the power to control lawsuits and that a decision to dismiss parties is his alone and not subject to judicial review. The TRUSTEE opposes the motion to enforce the Agreement, asserting that he did not intend to dismiss GIALENIOS and ANDERSEN, absent receiving the bargained-for consideration and admitting that he assumed the Agreement would receive approval from the Court.

A bankruptcy court approves compromises and settlements pursuant to Bankruptcy Rule 9019, which provides that "[o]n motion by the trustee and after notice and a hearing,

4

the court may approve a compromise or settlement." Fed.R.Bankr.P. 9019.  A compromise is defined as "[a]n agreement between two or more persons to settle matters in dispute between them; an agreement for the settlement of a real or supposed claim in which each party surrenders something in concession to the other." BLACK'S LAW DICTIONARY 305 (8th ed. 2004); *In re Dow Corning Corp.*, 198 B.R. 214 (Bankr.E.D.Mich. 1996).  The main purpose of the rule is to is to give creditors notice of the settlement and an opportunity to object and to provide the court an opportunity to review the agreement to ascertain whether it is in the best interests of the bankruptcy estate.  *In re Fortran Printing, Inc.*, 297 B.R. 89 (Bankr.N.D. Ohio 2003).  The Rule protects other creditors against bad deals made between a trustee and another creditor.  *In re Turner*, 274 B.R. 675 (Bankr.W.D.Pa. 2002).

Emphasizing the language of Rule 9019, that a court "may" approve a compromise, some courts question whether approval is necessary for every settlement.  *In re Engman*, 331 B.R. 277 (Bankr.W.D.Mich. 2005);  *In re Dalen*, 259 B.R. 586 (Bankr.W.D.Mich. 2001); *In re Telesphere Communications, Inc.*, 179 B.R. 544 (Bankr.N.D.Ill. 1994) (Rule 9019 does not require approval of compromise unless otherwise required by provision of Bankruptcy Code).  The majority of courts interpret Rule 9019(a) as requiring court approval for all compromises and settlements.  *In re Seminole Walls & Ceilings Corp.*, 366 B.R. 206 (Bankr. M.D.Fla. 2007); *In re Nationwide Sports Distributors, Inc.*, 227 B.R. 455 (Bankr.E.D.Pa. 1998); *In re Cincinnati Microwave, Inc.*, 210 B.R. 130 (Bankr.S.D.Ohio 1997);  *In re Leslie Fay Companies, Inc.*, 168 B.R. 294 (Bankr.S.D.N.Y. 1994); *In re Rothwell*, 159 B.R. 374 (Bankr.D.Mass. 1993) (relying on predecessor Rule 919 and case law under Bankruptcy

5

Act); *See In re OptInRealBig.com*, *LLC,* 345 B.R. 277 (Bankr.D.Colo. 2006). As interpreted by the court in *In re OptInRealBig.com, LLC*, the permissive language of Rule 9019(a) refers to the court's discretion to approve or to disapprove a particular settlement. 345 B.R. at 291. Only when the court approves a settlement does it become enforceable against both parties. *In re Seminole Walls & Ceilings*, 366 B.R. at 231; *In re Degenaars*, 261 B.R. 316 (Bankr.M.D.Fla. 2001).

This Court adopts the majority view, determining that all compromises are subject to court approval under Rule 9019(a) and that a compromise is of no effect until it is approved by the bankruptcy court. The necessary corollary of that rule, which is pertinent here and which is subject to far less dispute, is that a compromise or settlement that is disapproved by the court is null and void. A directive requiring judicial oversight of compromises would be rendered meaningless if compromises which were not approved were deemed effective regardless. Because the TRUSTEE must obtain prior Court approval before compromising the interests of the bankruptcy estate, every settlement agreement entered into by a trustee contains an implied condition that its enforceability is subject to court approval. That condition may not be waived by the trustee. A tentative compromise which is not approved is of no legal effect. All terms of the compromise are nullified. Accordingly, the provision of the Agreement which provides for dismissal is null and void.[3]

GIALENIOS and ANDERSEN maintain that the TRUSTEE, pursuant to Bankruptcy Rule 6009, which authorizes a trustee to prosecute and defend in any court of law "with

---

[3] Common sense and basic principles of contract law dictate this result as well. The disapproval of the compromise serves to discharge both parties from their obligations to each other.

or without court approval," has unfettered discretion to dismiss a lawsuit and that his decision to do so is not subject to judicial review.  That goes without saying and if the TRUSTEE had dismissed GIALENIOS and ANDERSEN, or either one of them, without strings, there would have been no need for the Court's blessing.  A pure dismissal is not a compromise or a settlement.  The TRUSTEE'S agreement to dismiss GIALENIOS and ANDERSEN was part of a compromise.  Upon disapproval of the Agreement, all of its provisions, including the agreement to dismiss, are null and void.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.  A separate Order will be entered.

###